Date signed August 24, 2015



S. MARTIN TEEL, JR.
U. S. BANKRUPTCY JUDGE
SITTING BY DESIGNATION

```
                 UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF MARYLAND
                           at Greenbelt

    IN RE:                        :
                                  :
    GREGG MILLER,                 :    Case No. 15-13110
                                  :       (Chapter 13)
              Debtor              :
    - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

MEMORANDUM DECISION SUPPLEMENTING COURT'S ORAL DECISION
RE APRIL KELLER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The debtor and his ex-wife, April Keller, were divorced in 2014 in the Circuit Court for the City of Virginia Beach, Virginia. The couple's home was sold, and the proceeds remain in escrow as required by the Circuit Court. Under a separation agreement, incorporated as part of the divorce decree, Keller was to receive one-half of an investment account's proceeds. But she has not received them: the debtor has dissipated those funds. The divorce decree recited that Keller waived any claim for spousal support. However, she assumed she would receive one-half of the investment funds, and she maintains that the separation agreement characterized the funds she was to receive as support, and that such characterization survives by reason of the separation agreement being incorporated into the divorce decree.

After entry of the divorce decree, the debtor filed his bankruptcy case.  Keller seeks relief from the automatic stay to return to the Virginia Beach Circuit Court to address distribution of the proceeds of the couple's house.  This supplements my oral decision granting that motion.  Keller seeks to have the state court decree that she is entitled to receive a greater share of the proceeds of the family home than provided in the separation agreement (which provided for distribution of two-thirds to the debtor and one-third to Keller) in light of the debtor having dissipated the investment account funds of which Keller was to receive 50%.

The debtor asserts that two-thirds of the house proceeds became property of the estate, and that it would be inappropriate for the state court to direct a distribution of such estate funds to Keller.  However, the state court may decide that the divorce decree should be modified to alter the separation agreement's provisions regarding the proceeds of the sale of the house in light of principles governing an equitable distribution of marital property.  The state court might also determine that part of the proceeds ear-marked for the debtor are owed to Keller as support, in place of Keller's share of the investment funds dissipated by the debtor that, she maintains, were intended to be support.  Those are domestic relations law questions that should be left to the state court to determine, not this court.  As to the issue of an equitable division of property:

> Because the extent of each spouse's interest in the home turns on [state] law, the question of their respective interests is best determined by a court of that state. *See, e.g., Butner v. United States*, 440 U.S. 48, 54-55 (1979). Furthermore, federal law favors state retention of control over domestic relations. *Caswell v. Long*, 757 F.2d 608, 610-11 (4th Cir. 1985). The Fourth Circuit specifically adheres to the principle that generally, bankruptcy courts owe state courts deference in domestic matters. *In re Robbins*, 964 F.2d 342, 344-47 (4th Cir. 1992); *see also In re White*, 851 F.2d 170, 173-74 (6th Cir. 1988) (holding that "[i]t is appropriate for bankruptcy courts to avoid invasions into family law matters").

*Roberge v. Buis*, 95 F.3d 42 (4th Cir. 1996) (unpublished decision). As to Keller's claim that an added share of the house proceeds (beyond one-third) should be paid to Keller as replacement support, that is uniquely a state domestic relations law question best left to determination in the state court.

Applying the factors listed in *In re Robbins*, 964 F.2d at 345, I conclude that the state court should be allowed to consider such requests.[1] There is also a suggestion that a failure to pay child support may be at issue as well, and the stay (if it applies) obviously should be lifted to permit litigation of that issue.

---

[1] The factors to consider in whether to permit the state court to engage in decreeing an equitable distribution include: "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." *In re Robbins*, 964 F.2d at 345.

Except to the extent that enforcement falls within an exception to the automatic stay, relief from the automatic stay is not granted to permit the Circuit Court to enforce its judgments in the divorce proceeding, and the bankruptcy court, to that extent, will retain jurisdiction to determine whether the eventual state court decree should be enforced.  For example, the bankruptcy court would have the power to set aside any judgment that is procured by collusion of the former spouses in an effort to defraud creditors.  Moreover, there may be other issues to address, and without opining what the outcome would be, these include the following.  If there are joint debts, it may be appropriate to order that property that was previously jointly owned should go to payment of joint debts, if the debtor's share does not suffice for that purpose.  Similarly, whether the sole debts of the debtor can be enforced out of the jointly owned property (*i.e.*, out of the part belonging to him before any equitable division) before Keller is entitled to receive anything, see *In re Secrest*, 453 B.R. 623, 631 n.3 (Bankr. E.D. Va.), is a question that could be explored once the matter returns here.  One issue will be whether an award to Keller of marital property is a "claim" under section 101(5).  *See Ford v. Skorich (In re Skorich)*, 482 F.3d 21, 24-25 (1st Cir. 2007); *In re Zachmann*, 2013 WL 1316647 (Bankr. N.D. Ill. Apr. 2, 2013).  In that regard, an issue will be whether it matters that any additional award to Keller from the proceeds of the house is made

4

*after* the debtor commenced his bankruptcy case. *See Hohenberg v. Hohenberg (In re Hohenberg)*, 143 B.R. 480, 489 (Bankr. W.D. Tenn. 1992). However, that issue may be moot if the Circuit Court determines that Keller is entitled to an additional part of the house proceeds as support, with that claim (if it is a claim) being entitled to priority over the claims of other creditors. Finally, if a bankruptcy trustee were to seek to avoid any award of property to Keller as avoidable under 11 U.S.C. § 544, the bankruptcy court should retain jurisdiction over whether the funds should not be distributed in accordance with the state court decree in light of such an avoidance proceeding.

    An order follows partially granting Keller's motion as set forth above.

                                  [Signed and dated above.]

cc:   E-recipients of notice of orders.

**END OF ORDER**